# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-5355**

**September Term, 2021**

FILED ON: MAY 24, 2022

MARK CRAWFORD, ET AL.,
                APPELLANTS

v.

MERRICK B. GARLAND, U.S. ATTORNEY GENERAL,
                APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-00798)

---

Before: PILLARD and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED.**

In October 2015, Plaintiffs Mark Crawford, Melissa Matthews, Durand Odom, and Nelson Rhone, Jr. filed discrimination complaints with the Equal Employment Opportunity Commission (EEOC) against their employer, the United States Department of Justice (DOJ). Plaintiffs, who are Black, alleged that while they were assigned to the Superior Court Division of the United States Attorney's Office for the District of Columbia they were paid less than similarly situated White employees in the District Court Division of the same office. In early 2017, Plaintiffs withdrew their EEOC complaints. The Commission accordingly dismissed them on March 30, 2017.

Plaintiffs proceeded to file suit in district court. Their complaint initially included five counts. But in responding to the government's motion to dismiss, Plaintiffs abandoned or waived other claims to focus on their retaliation claim. Appellants' Br. at 6. Regarding retaliation, they allege that DOJ reacted to their EEOC complaints by reducing their duties and responsibilities,

assigning them less important and substantive tasks than they had been assigned prior to their protected activity. In an order that the district court specified was without prejudice but also final and appealable, the court dismissed their case. We review *de novo* the district court's dismissal for failure to state a claim. *Pueschel v. Chao*, 955 F.3d 163, 165-66 (D.C. Cir. 2020).

Title VII protects employees and job applicants from retaliation for having "opposed any practice made an unlawful employment practice by [Title VII]," or for having "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To survive a motion to dismiss for failure to state a retaliation claim under Title VII, plaintiffs must plausibly plead facts from which it may fairly be inferred: "(1) that [they] engaged in a statutorily protected activity; (2) that the employer took an adverse personnel action; and (3) that a causal connection existed between the two." *Morgan v. Fed. Home Loan Mortg. Corp.*, 328 F.3d 647, 651 (D.C. Cir. 2003). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close.'" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (citation omitted).

Plaintiffs alleged that their October 2015 filing of EEOC complaints was the protected activity that triggered DOJ's alleged retaliatory acts early in 2017. Their complaint specified that "[t]he nature of the EEO activity which is the basis of the Plaintiffs' retaliation claim is the fact that the Plaintiffs filed EEO complaints against the [DOJ] on or about October 15, 2015, alleging compensation discrimination under the Act." Complaint ¶ 40, J.A. 26.

DOJ moved to dismiss, arguing in relevant part that Plaintiffs' allegations failed to raise an inference of retaliation based on temporal proximity. DOJ argued that the timing of some alleged adverse actions was not discernible from the complaint and, where dates were provided, the actions occurred a year and a half after Plaintiffs filed the EEOC complaints. *See* Def.'s Br. in Supp. of Mot. to Dismiss at 9, 14, 15-16, 17, No. 17-cv-798 (D.D.C. May 7, 2020), ECF No. 52-1, J.A. 52, 57, 58-59, 60. In opposing that motion, Plaintiffs sought to narrow the temporal gap by highlighting the later, so more temporally proximate, "dismissal of the EEOC administrative complaint on March 30, 2017" as establishing the "suspicious causal link" to the adverse actions they alleged occurred on April 25, April 27, and May 9, 2017. Pls.' Br. in Opp'n to Mot. to Dismiss at 19, No. 17-cv-798 (D.D.C. July 13, 2020), ECF No. 56, J.A. 83; *see id*. at 22, J.A. 86 (relying on the assertedly adverse actions' "temporal proximity to the dismissal of the EEOC administrative proceedings"). The district court acknowledged Plaintiffs' "clarif[ication]" of what they considered to be the protected activity that triggered DOJ's alleged retaliation. *Crawford v. Barr*, No. 17-cv-798, 2020 WL 7051554, at *5 (D.D.C. Sept. 24, 2020).

The district court reached two key legal conclusions about Plaintiffs' retaliation claim. First, the court held that the October 2015 filing of the EEOC complaints, while protected activity, was too temporally distant to alone raise an inference that employment actions a year and a half later, in April and May 2017, were taken in retaliation for those filings. *See id*. at *6. Second, the court concluded that dismissal of an EEOC complaint is not a protected activity insofar as it is "an action in which the employee takes no part." *See id.* at *5 (quoting *Clark Cty. Sch. Dist.*, 532 U.S.

2

at 273).

On appeal, Plaintiffs seek to sidestep rather than contest those conclusions. To that end, they further modify their legal theory, now positing that the protected activity underlying their claim was neither the filing nor simply the dismissal of their EEOC complaints, but their "affirmative election on or about March 30, 2017, to seek dismissal of their EEO administrative complaints to pursue enhanced remedies in court." Appellants' Br. at 13.

"Generally, an argument not made in the trial court . . . will not be considered absent exceptional circumstances." *United States v. Gewin*, 759 F.3d 72, 78 (D.C. Cir. 2014) (alteration in original) (quoting *Salazar ex rel. Salazar v. District of Columbia*, 602 F.3d 431, 436 (D.C. Cir. 2010)). The complaint squarely identifies the filing of the EEOC complaints as the cause of the alleged retaliation; it nowhere suggests that Plaintiffs' choice to withdraw their administrative complaints in preparation for exercising their right to sue was the protected activity that caused DOJ's allegedly retaliatory duty reductions. And neither the Plaintiffs' district court briefing nor that court's decision adverts to the claim as Plaintiffs now package it. As a result, Plaintiffs have forfeited their opportunity to press their new theory before us.

Plaintiffs' arguments against forfeiture are not persuasive. The cited passages of the complaint, *see* Appellants' Br. 13-14 (citing Complaint ¶¶ 11-14, 39-45, J.A. 18, 25-26), lack any allegations from which one might reasonably be expected to glean what is now their main theory on appeal: that Defendant was aware the EEOC process ended at Plaintiffs' behest, and that Plaintiffs acted not to abandon their claims but to hasten their ability to file suit in federal court. Plaintiffs' briefing in district court did not close that gap.

In support of their contention that their current theory is not new, Plaintiffs quote one passage from the "Background" section of their district court briefing:

> On or about March 30, 2017, the Plaintiffs elected to terminate the administrative review process to pursue their remedies in the United States District Court. The EEOC entered an order of dismissal on March 30, 2017. The Plaintiffs' SAC [Second Amended Complaint] in this Court alleges that the Department violated Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. 2000e *et. seq*.) by discriminating against them on the basis of their race and by retaliating in response to their protected Title VII activities.

Pls.' Br. in Opp'n to Mot. to Dismiss at 3, No. 17-cv-798 (D.D.C. July 13, 2020), ECF No. 56, J.A. 67 (internal citations omitted); *see* Appellants' Reply at 10. But that quoted segment of procedural history (which in the cited district court brief begins much earlier, with Plaintiffs' 2015 EEOC filing) was inadequate to "squarely put both the court and [DOJ] on notice" that Plaintiffs' protected activity was their March 2017 withdrawal of EEOC complaints in preparation for suit. Appellants' Reply at 10; *see Campbell v. District of Columbia*, 894 F.3d 281, 286-88 (D.C. Cir. 2018). The bare description of Plaintiffs having terminated the administrative process is especially inadequate in the wake of the complaint's explicit identification of their October 2015 EEOC charge filing as the trigger for retaliation.

3

The district court held that, "[t]o the extent . . . that Plaintiffs plead that DOJ retaliated against them in April and May of 2017 because of the filing of their administrative complaint in October of 2015, they have not established a sufficient causal connection between those temporally remote actions (spread 18 months apart)." *Crawford*, 2020 WL 7051554, at *5 (citation omitted). The closest Plaintiffs came to raising their current theory in the district court was to argue that the EEOC's dismissal of their EEOC complaints was the protected activity. The district court certainly understood Plaintiffs' briefing that way: Even though Plaintiffs' modified theory contradicted their complaint, the court considered their assertions that "DOJ took retaliatory actions during the months after the EEOC's March 2017 dismissal of Plaintiffs' administrative complaint." *Id.*; *see also id.* (addressing Plaintiffs' references in briefing to "the dismissal of the complaint as the protected activity"). As to that theory, the district court saw "simply no statutory text that suggests that an employee's purely passive act, such as receiving an EEOC dismissal, could, by itself, be a 'protected activity.'" *Id.* (quoting *Holmes v. Donahoe*, No. 10-cv-1031, 2014 WL 2882850, at *7 (W.D.N.Y. June 25, 2014)).

By failing to plead or even argue before the district court that their affirmative conduct of withdrawing their EEOC complaints to clear the way for their court case was the relevant protected activity, Plaintiffs have forfeited their ability to do so here. Adverse action taken in response to an employee's request to withdraw an administrative charge in order to seek relief in court might in certain circumstances qualify as protected activity. It stands to reason that steps that a plaintiff takes in pursuit of a discrimination charge, beyond the initial filing of the EEOC complaints themselves, could be activities protected from retaliation. *See, e.g.*, *Gomez v. Metro. Dist.*, 10 F. Supp. 3d 224, 236-37 (D. Conn. 2014). But we do not address that question here because Plaintiffs failed to raise it in the district court.

Because Plaintiffs contest their retaliation claim's dismissal by advancing a legal theory that they failed to raise before the district court, we affirm the district court's order dismissing the Second Amended Complaint without prejudice. Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**.

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

4